FILED BY [illegible] D.C.
05 AUG 25 AM 9:05
THOMAS M. GOULD
CLERK U.S. DISTRICT COURT
W/D OF TN, JACKSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IN RE: | |
| TRACY H. ADAMS and STACY K. ADAMS, | |
| Debtors, | No. 05-1235-T-An |
| TRACY H. ADAMS and STACY K. ADAMS, | Bankr. No. 02-14500<br>Adv. No. 05-5152 |
| Appellants, | |
| v. | |
| JASON G. WHITWORTH, | |
| Appellee. | |

ORDER DENYING MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

Appellant Debtors Tracy H. Adams and Stacy K. Adams have filed a motion for an interlocutory appeal from the Bankruptcy Court's denial of their objection to the removal of a malpractice action from state court to the Bankruptcy Court.[1] For the reasons set forth below, the motion is DENIED.

On June 6, 2005, Appellant Debtors filed a legal malpractice complaint against Jason

[1] Appellant Debtors filed an election to have this court hear their appeal, rather than the Bankruptcy Appellate Panel.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 08-29-05



G. Whitworth in the Circuit Court of Madison County, Tennessee. The malpractice complaint alleged that Whitworth was negligent in representing Appellant Debtors in a state court cause of action against F.B. Financial Services, Jeannie Moore, and CitiFinancial. Whitworth removed the action to the United States Bankruptcy Court for the Western District. Appellant Debtors filed an objection to the removal. A hearing was held on July 20, 2005. In an order entered on July 29, 2005, the Bankruptcy Court held that removal of the malpractice action was proper and denied the objection to the removal.

Appellant Debtors now seek permission to file an interlocutory appeal in this court pursuant to 28 U.S.C. § 158(a). This section provides that:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title...

Additionally, Federal Rule of Bankruptcy Procedure 8003 provides for a motion for leave to appeal from an interlocutory order pursuant to 28 U.S.C. § 158. Whether to hear an interlocutory appeal is within the court's discretion, and courts are reluctant to hear interlocutory appeals. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368 (1981). Such appeals are permissible only in exceptional or extraordinary circumstances. See City Bank and Trust Co. v. Stiles, 29 B.R. 389 (M.D. Tenn.1982) (citing Cardwell v. Chesapeake and Ohio Railway Co., 504 F.2d 444, 446 (6th Cir.1974)). The appellant bears the burden of establishing exceptional circumstances warranting review of an interlocutory order. *In re Bradford*, 192 B.R. 914 (E.D. Tenn. 1996).

Neither 28 U.S.C. § 158 nor the Bankruptcy Rules provide a specific standard for evaluating whether to allow interlocutory appeals; thus, district courts often use the standards governing appeals of interlocutory orders from district courts to courts of appeal under 28 U.S.C. § 1292(b). *In re Matter of Bertoli*, 58 B.R. 992, 993 (D.N.J.1986), *aff'd*, 812 F.2d 136 (3rd Cir.1987); *In re Sandenhill, Inc.*, 304 B.R. 692, 694 (E.D. Pa.2004); *Trustee of Jartran, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill.1997). Pursuant to § 1292(b), an appeal may be taken from an interlocutory order only when the order involves (1) a controlling question of law (2) as to which there is substantial ground for a difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Kruckenberg*, 160 B.R. 663 (D. Kan.1993); *In re MCorp. Financial, Inc.*, 139 B.R. 820, 823 (S.D. Tex. 1992); *In re Beker Indus. Corp.*, 89 B.R. 336 (S.D.N.Y.1988).

A decision of a lower court involves a controlling question of law "if its resolution is quite likely to affect the outcome or the further course of the litigation, even if it is not certain to do so." Sokaogon Gaming Enters. Corp. v. Tushie-Montgomery Assoc., 86 F.3d 656, 659 (7th Cir.1996). The controlling question of law in the present case is whether the Bankruptcy Court has subject matter jurisdiction over the malpractice action. The Second Circuit has determined that an order involving subject matter jurisdiction raises a controlling question of law, see Klinghoffer S.N.C. Achille Lauro Ed Altri-Gestione, 921 F.2d 21, 24

(2nd Cir. 1990); McLeod v. Columbia County, 254 F. Supp.2d 1340 (S.D. Ga. 2003), and this court agrees. However, the court finds that there is no substantial ground for a difference of opinion as to the ruling made by the Bankruptcy Court.

The Bankruptcy Court found that the malpractice action

> arises under the Court's order of January 2, 2003, approving the employment of Whitworth as counsel for the bankruptcy estate and case trustee, Michael T. Tabor ("Trustee") in a state court action ("State Court Action").
>
> Further pursuant to motion filed by the Trustee on September 21, 2004, the Trustee sought approval of settlement reached in the State Court Action in which Mr. Whitworth was employed and represented the bankruptcy estate and Trustee.
>
> On October 26, 2004, an Order was entered granting the settlement reached and approving attorney's fees to Whitworth.
>
> Whitworth's involvement in representing the estate and in obtaining settlement approved by this Court arises under Title 11.
>
> It is pursuant to this Court's orders that Whitworth was employed and a settlement approved in the State Court Action in which Whitworth represented the Trustee and bankruptcy estate. Plaintiffs now bring action against Whitworth for his representation in the State Court Action.
>
> The Removed Case is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).
>
> Plaintiffs' malpractice complaint seeks damages from Whitworth for actions in obtaining a settlement of an asset of the estate clearly constitutes a core proceeding that arises under Title 11 within the meaning of 28 U.S.C. § 1334(b).

Bankruptcy Order, 7/20/05.

Plaintiffs contend that the bankruptcy order is "contrary to controlling precedent from

the United States Court of Appeals for the Sixth Circuit." Plaintiffs' Motion at p. 6. Plaintiffs cite Stewart v. Henry, 62 Fed. Appx. 610 (6th Cir. 2003), for the proposition that "a bankruptcy court does not have jurisdiction to entertain a legal malpractice case brought by debtors against an attorney who represented them and the Bankruptcy Estate." Plaintiffs' Motion at p. 6.

Plaintiffs are in error for two reasons. First, Stewart is an unpublished opinion which has little precedential value. See Mfrs.' Indus. Relations Ass'n v. E. Akron Casting Co., 58 F.3d 204, 208 (6th Cir.1995). More important, however, are the factual distinctions between Stewart and this case. The court in Stewart described the debtors' claims as follows:

> The Stewarts did not bring this malpractice action against Henry in his official capacity as special counsel to the trustee and the complaint does not claim that Henry mishandled the counterclaim settlement on behalf of the trustee. Rather, the Stewarts claim that before Henry was appointed as special counsel to the trustee, he promised to represent them personally in the matter of the lender liability counterclaim, and that he in fact lied to them, misled them into believing he was representing their personal interests and, by instead representing the adverse interests of the estate, breached both his fiduciary duty and the duty of loyalty owed by an attorney to his client.

Id. at 613-14. In the present case, Appellant Debtors have not alleged that Whitworth had any duty to them personally, as opposed to their bankruptcy estate.[2] The interests at stake in Stewart were the debtors "personal interests." Nowhere do the Appellant Debtors allege that they were led to believe that Whitworth represented them rather than their bankruptcy estate.

---

[2] The malpractice complaint generally alleges that Whitworth owed "a duty of care" to Appellant Debtors.

Because the court finds that there is no substantial ground for a difference of opinion as to the ruling made by the Bankruptcy Court, the motion for an interlocutory appeal must be denied. C.f., Adco Oil Co. v. Rovell, 357 F.3d 664 (7th Cir. 2004) ("Adjudication of Adco's claim against Rovell has been complicated by the fact that Rovell filed a federal bankruptcy proceeding, so the malpractice suit has proceeded as an adversary action within the bankruptcy.")

Furthermore, as noted by Whitworth, a motion to dismiss the malpractice action is pending in the Bankruptcy Court and is set to be heard on September 7, 2005. If the parties are dissatisfied with that result, an appeal of all the issues may be made when a final order is entered, thus promoting judicial economy. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 132 n. 1 (1995) (Ginsburg, concurring) (an interlocutory decision to not remand under 28 U.S.C. § 1452(b) leaves "open for eventual appellate consideration" the question of the court's subject-matter jurisdiction).[3]

For all these reasons, the motion for an interlocutory appeal is DENIED. The clerk

[3] Appellant Debtors suggest that, if they prevail on their malpractice claim in the Bankruptcy Court, Whitworth might "switch sides" on the jurisdictional issue and argue that the Bankruptcy Court did not, in fact, have subject matter jurisdiction. In his response, Whitworth has stated that he will not make such an argument. The court can assure Appellant Debtors that any such argument would not be well-taken.

is directed to enter judgment accordingly.

IT IS SO ORDERED.

James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

24 August 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 1:05-CV-01235 was distributed by fax, mail, or direct printing on August 29, 2005 to the parties listed.

David M. Cook
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

E. Franklin Childress
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

W. Scott Rose
BAYDOUN & KNIGHT, PLLC
424 Church St.
Nashville, TN 37219

Honorable James Todd
US DISTRICT COURT